**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TASHA BILLINGSLEA, )<br>)<br>    Plaintiff )<br>)<br>  v. )<br>)<br>SOUTHWEST CREDIT SYSTEMS, )<br>)<br>    Defendant )<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

TASHA BILLINGSLEA ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2)

## **PARTIES**

5. Plaintiff is a natural person residing in Dorchester, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative, is a non-debtor, who has standing to sue under the FDCPA. See Weneich v. Robert E. Cole, P.C., 2001 WL 4994 (E.D.Pa. 2000).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with corporate headquarters located at 4120 International Pkwy, Ste. 1100, Carrollton, Texas 75007.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

12. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff has never contracted with Defendant, and owes no known debt to Defendant.

14. Beginning in or around June 2016, and continuing through July 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone

for a third party named "Etna Ray."

15. In June 2016, Plaintiff informed Defendant's collectors that Defendant was calling a wrong number and to stop calling.

16. Despite advising Defendant that it had the wrong number, Defendant continued to call Plaintiff seeking to collect this alleged debt.

17. Once Defendant knew it had the wrong number and that its calls were unwanted, any further calls could only have been placed for the purpose of harassing Plaintiff.

18. When contacting Plaintiff on her cellular telephone, Defendant occasionally used an automatic telephone dialing system and automatic and/or pre-recorded messages.

19. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as calls began with a pre-recorded message before the call would be transferred to a live collector.

20. Defendant's telephone calls were not made for "emergency purposes" but were rather collection calls intended for a third party.

21. Defendant's calls were particularly frustrating for Plaintiff as they would come at inconvenient times including prior to 8:00am and after 9:00pm.

22. Finally, in order to stop calls Plaintiff was forced to download an application to her cellular telephone to block Defendant's calls.

23. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff for a debt she does not owe.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

26. Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone and continued to call knowing that it was calling the wrong party and that its calls were unwanted.

## COUNT II
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant's calls to Plaintiff were not made for emergency purposes.

30. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, TASHA BILLINGSLEA, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TASHA BILLINGSLEA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 5, 2017      KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esq.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT